# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **ZENAPH LIFIO MALAFA AND CHIQUITA BROWN,** | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:25-CV-502-B-BK** |
| | § | |
| **UNITED STATES OF AMERICA, ET AL.,** | § | |
| **DEFENDANTS.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Before the Court for the entry of findings and a recommended disposition is the *Motion to Dismiss*, Doc. 25, filed in June 2026, on behalf of Defendants Markwayne Mullin (Secretary of the United States Department of Homeland Security (DHS)), Todd Blanche (Attorney General of the United States), Joseph B. Edlow (Director of U.S. Citizenship and Immigration Services (USCIS)), Robert Cerna (Acting Field Office Director of the United States ICE Dallas Field Office), Laura B. Zuchowski (Director of USCIS Vermont Service Center), DHS, and the United States of America (collectively referred to as the "Government"). [1]

For the reasons detailed below, the Government's motion to dismiss should be **GRANTED**.

---

[1] DHS Secretary Mullin, Attorney General Blanche, Director Edlow, and Acting Field Office Director Cerna are automatically substituted for their predecessors under Federal Rule of Civil Procedure 25(d).

## I. Background

Plaintiff Zenaph Malafa is a native of Cameroon who has resided in the United States since 2015, when he entered the country on an F-1 student visa. Doc. 22 at 3; Doc. 26 at 7. In 2016, Mr. Malafa married Plaintiff Chiquita Brown, a United States citizen. Doc. 22 at 3; Doc. 26 at 7.

That same year, Ms. Brown filed a Form I-130 Petition for Alien Relative pursuant to 8 U.S.C. § 1154 and Mr. Malafa filed a Form I-485 Application for Adjustment of Status pursuant to § 1255. Doc. 26 at 7. In 2019, however, Ms. Brown withdrew her I-130 petition and subsequently filed a second Form I-130 petition. Doc. 26 at 8. In 2020, USCIS approved Ms. Brown's second I-130 petition. Doc. 26 at 8. But four years later, the agency sent Plaintiffs a Notice of Intent to Revoke the approval. Doc. 26 at 8. USCIS then revoked Ms. Brown's approved Form I-130 petition and denied Mr. Malafa's Form I-485 Application for Adjustment of Status. Doc. 26 at 8.

Five months later, Mr. Malafa filed this action. Doc. 1. Mr. Malafa later filed his *Amended* Complaint, which added Ms. Brown to this action. Doc. 22

Plaintiffs ask this Court to conduct "judicial review under the Administrative Procedure Act of the denial of [Malafa's] application for adjustment of status and order the [Form I-485] application be approved." Doc. 22 at 3. Plaintiffs assert that the denial of Malafa's Form I-485 application violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a), the Due Process Clause "of the United States Constitution," and is an abuse of discretion. Doc. 22 at 5. Plaintiffs also request judicial review of the revocation of Ms. Brown's approved I-130 petition. Doc. 22 at 5.

The Government moves to dismiss Plaintiffs' *Amended Complaint* for lack of subject matter jurisdiction. Doc. 29. The Government contends that this Court lacks subject matter jurisdiction to conduct judicial review of USCIS's revocation of the approved I-130 petition and denial of the I-485 application. Doc. 29, *passim*. Plaintiffs have filed a Response, Doc. 26, and the Government has filed a Reply, Doc. 27.

## II. Legal Standard

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A party may assert lack of subject matter jurisdiction as a defense to suit under Federal Rule of Civil Procedure 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III. Analysis

The Government argues that § 1252(a)(2)(B) of the INA precludes judicial review of both USCIS's denial of Mr. Malafa's I-485 application and the revocation of the I-130 petition filed on his behalf. Doc. 25 at 15-18.

Section 1252(a)(2)(B)(i) bars judicial review of judgments regarding relief under several specified statutes, including adjustment of status under § 1255. Section 1252(a)(2)(B)(ii) bars judicial review of other decisions or actions that the INA specifies are within the Attorney General's or the Secretary's discretion, including revocation of an approved visa petition under § 1155. Section 1252(a)(2)(B) applies to both decisions challenged here: subsection (i) governs the denial of Mr. Malafa's I-485 application, and subsection (ii) governs the revocation of Ms. Brown's approved I-130 petition.

### A. Judicial Review of Form I-485 Application Denial

The Government argues that this Court lacks jurisdiction to review USCIS's denial of Mr. Malafa's I-485 application because the denial is judgment regarding the granting of relief under 8 U.S.C. § 1255, which is precluded from judicial review by § 1252(a)(2)(B)(i). Doc. 25 at 13-15. Plaintiffs respond that the Court retains subject matter jurisdiction because removal proceedings are not ongoing and because they assert constitutional violations. Doc. 26 at 9-10. The Government disagrees. Doc. 27, *passim*. Upon review, the Government's argument has merit.

A noncitizen who is already in the United States may seek to adjust his immigration status to that of a lawful permanent resident under 8 U.S.C. § 1255(a), without leaving the country. To do so, the noncitizen must file a Form I-485, or an Application to Register Permanent Residence or Adjust Status, with USCIS. 8 C.F.R. § 245.2(a)(3)(ii). Upon receipt of

the Form I-485, § 1255(a) affords the Attorney General the discretion to adjust the noncitizen's status, if the statutory eligibility requirements are satisfied. *See* 8 U.S.C. § 1255(a).

Plaintiffs first contend that § 1252(a)(2)(B)(i) does not apply because Mr. Malafa is not in removal proceedings. Doc. 26 at 9. But the provision expressly applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B). Section 1252(a)(2)(B)(i)'s bar on judicial review "encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief" *Patel v. Garland*, 596 U.S. 328, 339 (2022) (emphasis added). Applying the plain text of the statute and *Patel*, the Court of Appeals for the Fifth Circuit held that this jurisdictional bar reaches USCIS denials of adjustment applications even outside removal proceedings. *Momin v. Jaddou*, 113 F.4th 552, 557-58 (5th Cir. 2024). The absence of removal proceedings therefore does not permit review of USCIS's denial of Malafa's Form I-485 application..

Plaintiffs further assert that the Court nonetheless has jurisdiction to review their constitutional claims. Doc. 26 at 10-12. Plaintiffs correctly observe that the INA does not preclude all judicial review of questions of law. Section 1252(a)(2)(D) preserves judicial review of "constitutional claims or questions of law," but only when raised through "a petition for review filed with an appropriate court of appeals." Congress preserved a specified avenue of review in the courts of appeal. Section 1252(a)(2)(D), therefore, vests no jurisdiction in this Court. *See Garcia v. USCIS*, No. 3:21-cv-2233, 2022 WL 3349151, at *13 n.9 (N.D. Tex. Aug. 12, 2022) (Fish, J.) (finding that even if the plaintiff raised a plausible constitutional due process claim, it must be dismissed because § 1252(a)(2)(D) requires constitutional claims to be raised in an appropriate court of appeals).

Plaintiffs' challenge to the denial of Mr. Malafa's Form I-485 application is barred by 8 U.S.C. § 1252(a)(2)(B)(i), and this Court lacks subject matter jurisdiction to review that denial.[2]

**B. Judicial Review of Revocation of Form I-130 Petition Approval**

Plaintiffs also seek review of the revocation of Plaintiff Brown's previously approved I-130 petition filed on Malafa's behalf. Doc. 22 at 5.

Section 204(a)(1) of the INA, codified at 8 U.S.C. § 1154(a)(1), authorizes the Form I-130 Petition for Alien Relative. The Government correctly identifies 8 U.S.C. § 1155 as the source of the agency's revocation authority. That statute provides: "The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154. Such revocation shall be effective as of the date of approval of any such petition."

The Government argues that revocation under § 1155 qualifies as a decision "in the discretion of" the Secretary such that it falls within the purview of § 1252(a)(2)(B)(ii), which strips federal courts of jurisdiction to review specific discretionary actions. Upon review, the Court agrees.

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof," unless a "statute[ ] preclude[s] judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a), 702. As to the revocation challenged here, the relevant inquiry under §

[2] Because this Court lacks jurisdiction, it does not consider whether denial of the Form I-485 was a final agency action or the parties' exhaustion of administrative remedies arguments.

1252(a)(2)(B)(ii) is whether Congress specified that the agency's revocation authority is discretionary.

In *Bouarfa v. Mayorkas*, 604 U.S. 6, 9 (2024), a unanimous Supreme Court held that 8 U.S.C. § 1252(a)(2)(B)(ii) bars a district court from reviewing USCIS's decision to revoke a visa petition under § 1155. 604 U.S. at 9. Like the instant case, *Bouarfa* involved USCIS's revocation of a previously approved I-130 petition. *See Bouarfa v. Sec'y, Dep't of Homeland Sec.*, 75 F.4th 1157, 1160 (11th Cir. 2023). The Court further assumed without deciding that the fact that the petitioner's noncitizen husband was not in removal proceedings did not affect the jurisdictional analysis. *Bouarfa*, 604 U.S. at 13, n.4.

As noted above, 8 U.S.C. § 1155 states that the Secretary of Homeland Security "may, at any time, for what [it] deems to be good and sufficient cause" revoke an approved visa petition. The Court called this language "a quintessential grant of discretion to the Secretary," explaining that "the word 'may' *clearly* connotes discretion." *Bouarfa*, 604 U.S. at 13 (emphasis in original). This discretion is also a "two-way street" and permits the Secretary to leave an erroneously approved petition intact, creating "room for mercy" for visa-petition beneficiaries. *Id.* at 15 (citation omitted).

Accordingly, because USCIS's revocation of Ms. Brown's previously approved Form I-130 petition was a discretionary decision, this Court lacks subject matter jurisdiction to review the agency's decision. And as stated *supra*, this bar on judicial review exists regardless of whether Mr. Malafa is in removal proceedings. Therefore, Plaintiffs' claims should be dismissed to the extent they seek judicial review of that decision.

## IV. CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction over Plaintiffs' claims. Accordingly, the Government's *Motion to Dismiss*, Doc. 25, should be **GRANTED** and Plaintiffs' claims should be **DISMISSED WITHOUT PREJUDICE**. As no claims will remain, the Clerk of Court should be **DIRECTED** to close the case.

**SO RECOMMENDED** on October 6, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).